
FILED
 2010 Jun-29  PM 03:51
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **MARGARET COLLIER,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-09-S-1645-NW** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Margaret Collier, commenced this action on August 18, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ erred in evaluating the effect of claimant's morbid obesity on her functional limitations. Upon review of the record, the court concludes that claimant's contention is without merit.

Claimant is five feet, two inches tall.[1] Her medical records indicate that, since her alleged onset date of January 16, 2006, she has weighed anywhere from 309[2] to 321[3] pounds. There is no dispute that claimant is morbidly obese. Thus, the ALJ was required to evaluate the effect of claimant's obesity on her residual functional capacity in accordance with Social Security Ruling 02-1p, which states the following:

> Obesity can cause limitation of function. The functions likely to be limited depend on many factors, including where the excess weight is carried. An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balancing, stooping, and crouching. The ability to manipulate may be affected by the presence of adipose (fatty) tissue in the hands and fingers. The ability to tolerate extreme heat, humidity, or hazards may also be affected.
>
> The effects of obesity may not be obvious. For example, some

---

[1] Tr. at 183.
[2] *See* Tr. at 347 (noting claimant's weight on June 29, 2006).
[3] *See* Tr. at 219 (noting claimant's weight on February 14, 2006).

people with obesity also have sleep apnea. This can lead to drowsiness and lack of mental clarity during the day. Obesity may also affect an individual's social functioning.

An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time. As explained in SSR 96-8p ("Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims"), our RFC assessments must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.  A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea.

The combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone.

For a child applying for benefits under title XVI, we may evaluate the functional consequences of obesity (either alone or in combination with other impairments) to decide if the child's impairment(s) functionally equals the listings. For example, the functional limitations imposed by obesity, by itself or in combination with another impairment(s), may establish an extreme limitation in one domain of functioning (*e.g.*, Moving about and manipulating objects) or marked limitations in two domains (*e.g.*, Moving about and manipulating objects and Caring for yourself).

As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations.

SSR 02-1P, 2000 WL 628049, at *6-7.

The ALJ noted obesity as one of claimant's severe impairments,[4] but concluded that none of claimant's impairments, either singly or in combination, was sufficiently severe to satisfy any of the listings.[5] The ALJ ultimately concluded that claimant had the residual functional capacity to perform the full range of light work.[6]  In determining claimant's residual functional capacity, the ALJ consistently mentioned claimant's obesity.[7] He also discussed SSR 02-1p in detail as follows:

> The undersigned has considered Social Security Ruling 02-1p involving evaluation of obesity.  This ruling observes that obesity can cause limitation of function and that an individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling.  Obesity also may affect ability to do postural functions, such as climbing, balancing, stooping, and crouching.  The ability to manipulate may be affected by the presence of adipose (fatty) tissue in the hands and fingers.  The ability to tolerate extreme heat, humidity, or hazards may also be affected.
>
> Social Security Ruling 02-1p states an assessment should be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time.  As explained in Social Security Ruling 96-8p ("Titles II and XVI:  Assessing Residual Functional Capacity in Initial Claims"), our residual functional capacity assessment must consider an individual's maximum remaining ability to do sustained work activities

---

[4] Tr. at 21.
[5] Tr. at 25.
[6] *Id.*
[7] Tr. at 27.

4

> in an ordinary work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea. The combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from arthritis alone. The record does not show that the claimant has a medically determinable impairment with regard to weight-bearing joints. While the claimant did have some complaints of aching in her bones all over in April 2006, she admitted when she saw Dr. Lango in June 2006, after she had discontinued taking Cipro she no longer had any of the achy discomfort in her bones she had felt. The undersigned finds that the claimant's impairments, including obesity, do not restrict her ability to perform routine movement and necessary physical activity within a light exertional work environment.
>
> The claimant's primary impairments appear to be her morbid obesity and her continued smoking. At the hearing, the claimant alleged that she had recently stopped smoking and that she did so in January 2007. This should improve the claimant's functional abilities in regard to fatigue and shortness of breath. Weight loss, even though it has been recommended by her treating physicians, remains in the hands of the claimant and it is a personal decision, should also result in a decrease in her allegations of weakness and fatigue and further increase her functional abilities in excess of that found in the above-stated residual functional capacity.[8]

In light of this detailed analysis, the court simply cannot agree with claimant's argument that, "although the ALJ cited SSR 02–01p, and discussed its contents, he

---

[8] Tr. at 28.

5

simply did not apply it to the facts of Ms. Collier's case."[9]  The court also finds, despite claimant's argument to the contrary, that the ALJ did consider the impact of fatigue and sleep apnea on claimant's ability to perform work-related activities.  The ALJ's finding that the combined effect of all of claimant's impairments — including obesity — did not prevent her from performing gainful work activity on a sustained basis was supported by substantial evidence.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 29th day of June, 2010.

_____
United States District Judge

---

[9]Doc. no. 8 (claimant's brief), at 6.